IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES E. GRANT,

                  Plaintiff,

        v.

TRENTON SCHAFER, RICHARD LARSON,
NICHOLAS KRAMER, Sgt. SONDREAL
Sgt. IMMEL, Sgt. LINDSLEY,
Lt. TWOMBLY, Deputy SCHRIER,
DANE COUNTY JAIL ADMINISTRATION
and Sgt. VANDERMOLEN,

                  Defendants.

OPINION and ORDER

09-cv-585-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief in which plaintiff James Grant, a

resident of Madison, Wisconsin, alleges that defendants violated his constitutional rights on

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the district receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order I am assuming jurisdiction over the case.

several occasions while in custody at the Dane County jail.  (Plaintiff has struck out under

28 U.S.C. § 1915(g) but he filed this complaint after being released from jail.)  Plaintiff has

asked for leave to proceed in forma pauperis and has supported his request with an affidavit

of indigency.  The standard for determining whether plaintiff qualifies for indigent status is

the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration

In this case, plaintiff has no dependents.  His monthly income is $0 and he has no

assets.  Therefore, plaintiff qualifies financially to proceed without prepaying the fees and

costs of filing his action.

The next step is determining whether plaintiff's proposed action is frivolous or

malicious, fails to state a claim on which relief may be granted or seeks money damages from

2

a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In addressing any pro

se litigant's complaint, the court must read the allegations of the complaint generously.

<u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  Unfortunately, I cannot consider the merits

of plaintiff's complaint at this time because his pleading violates Rule 8 of the Federal Rules

of Civil Procedure and possibly Rule 20 as well.  Under Rule 8(a)(2), a complaint must

include "a short and plain statement of the claim showing that the pleader is entitled to

relief."  Plaintiff's complaint is relatively short but it fails to provide sufficient detail to allow

the court and defendants to understand how his constitutional rights were violated.  For

example, he contends that (1) unnamed defendants disciplined him and placed him in

segregation for using the name "Jamie Grant" rather than "James Grant"; (2) defendant

Vandermolen placed a block on plaintiff's mother's phone; (3) defendant Schrier pushed

plaintiff and then took him to segregation because he refused to accept a jail rule book; and

(4) defendant Lindsley "made [plaintiff] invoke [him]self for a discipline."

In order to comply with Rule 8, plaintiff must provide more detail for each claim.

With regard to his first claim, he must identify specifically which defendants were

responsible for the alleged wrongdoing.  His other claims are barebones statements of actions

defendants have taken against him without any description of the context of those actions.

For each claim, plaintiff must describe the incident, including when it occurred, who was

involved in or responsible for each incident and how he was injured by defendant's actions.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff will have until January 21, 2010 to file an amended complaint that fixes these problems.

In addition, plaintiff should be aware that his complaint potentially violates Fed. R. Civ. P. 20. Under Rule 20, plaintiff may not include separate claims against separate defendants in a single suit. As the court of appeals held in <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007), plaintiff may join separate claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Thus, a claim that one set of prison officials retaliated against plaintiff for using the name "Jamie Grant" will probably not belong in the same lawsuit as a claim that a different prison official blocked his mother's phone or placed him in segregation for failing to accept a rule book. However, at this stage in the proceedings I cannot conclusively determine whether the complaint violates Rule 20 because of the Rule 8 problems mentioned above, as well as the fact that plaintiff includes vague allegations that all of the defendants were engaged in a retaliatory conspiracy against him for failing to accept a plea agreement in a criminal case. If plaintiff files a proposed amended complaint that complies with Rule 8 but violates Rule 20, I will sever the separate claims into separate lawsuits. At that point, plaintiff will have

4

to decide which of the separate lawsuits he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff James Grant's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.  Plaintiff may have until January 21, 2010, in which to submit a proposed amended complaint that complies with this rule.  If, by January 21, 2010, plaintiff fails to file the required amended complaint or show cause for his failure to do so, this case will be dismissed for failure to state a claim upon which relief can be granted.

Entered this 31st day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5